FILED
U.S. DISTRICT COURT
2006 MAR 28  P 12: 5
DISTRICT OF UTAH
BY: _____
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| GENE VINCENT WOOD, ) | |
| ) | |
| Plaintiff, ) | Case No. 2:05-CV-178 PGC |
| ) | |
| v. ) | |
| ) | |
| DIRECTOR OF ADULT PROBATION ) | O R D E R |
| AND PAROLE et al., ) | |
| ) | |
| Defendants. ) | |

Plaintiff, Gene Vincent Wood, an inmate at the Utah State Prison, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. *See* 42 U.S.C.A. § 1983 (West 2005). Plaintiff's motion to proceed *in forma pauperis* under 28 U.S.C. § 1915 was granted. The Complaint is now before the Court for screening under 28 U.S.C. § 1915(e). *See* 28 *id.* § 1915.

I. Screening Standard of Review

Under 28 U.S.C. § 1915(e)(2)(B), a court shall dismiss any claims in a complaint filed *in forma pauperis* if they are frivolous, malicious or fail to state a claim upon which relief may be granted. *Id.* "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999).

When reviewing the sufficiency of a complaint the Court "presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991). Because Plaintiff is proceeding pro se the Court must also construe his pleadings liberally and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Id.* at 1110. However, "[t]he broad reading of the plaintiff's complaint does not relieve [him] of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.*

## II. Plaintiff's Allegations

Although Plaintiff's complaint is difficult to decipher, the essence of his allegations appears to be that officials with the Salt Lake City Adult Probation and Parole office violated his constitutional rights by misleading the courts with false information about him in order to revoke his probation and send him to prison. The facts gleaned from the Complaint show that Plaintiff was placed on supervised probation in July 2002 for an unspecified criminal offense. On November 11, 2004, following a show-cause hearing, Plaintiff's probation was revoked and he was apparently sentenced to prison. Plaintiff alleges that his probation revocation resulted from Defendants' failure to properly supervise him while he was on parole by not providing

2

him adequate substance abuse and mental health treatment, and by otherwise failing to "rehabilitate" him. Plaintiff also states that Defendants included information from unreliable sources in their pre-sentence investigation report, exaggerated Plaintiff's criminal history, and falsified documents to support their findings, all in an effort to wrongfully incarcerate Plaintiff.

In addition to his false imprisonment claim, Plaintiff's complaint also asserts numerous state-law causes of action, including among others, allegations of slander, libel, neglect, reckless endangerment and conspiracy. Plaintiff seeks compensatory and punitive damages, as well as injunctive relief in the form of "release from supervised probation with honors," and termination of Defendants' employment.

### III. Sufficiency of Plaintiff's Complaint

In *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364 (1994), the Supreme Court held that claims for damages or release from confinement based on unconstitutional imprisonment are not cognizable under 42 U.S.C. § 1983 unless the plaintiff can show that his conviction or sentence has already been invalidated. *Id.* at 487. Thus, before pursuing a wrongful imprisonment claim under § 1983 a "plaintiff must prove that [his] conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized

to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* It is well settled that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." *Id.* at 480-82.

Plaintiff cannot obtain the relief he seeks in this case without calling into question the validity of his conviction or confinement, as prohibited under *Heck*. Plaintiff's primary accusation is that Defendants conspired to mislead the courts in order to have Plaintiff wrongfully incarcerated. This accusation, if proven, would clearly call into question the legality of Plaintiff's confinement. Thus, because Plaintiff cannot show that his conviction or sentence has already been overturned, the Court concludes that Plaintiff's claim is not cognizable under § 1983.

Under 28 U.S.C. § 1367(c)(3) a district court may decline to exercise supplemental jurisdiction over state law claims if the court has dismissed all claims over which it has original jurisdiction. *See* 28 U.S.C.A. § 1937(c)(3) (West 2005). Because Plaintiff's sole claim arising under federal law is barred by *Heck*, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims.

**ORDER**

Based on the forgoing, **IT IS HEREBY ORDERED** that Plaintiff's Complaint is **dismissed** for failure to state a claim on which relief can be granted, and this case is closed.  See 28 U.S.C.S. § 1915(e)(2)(B)(ii) (2005).

DATED this _____ day of March, 2006.

BY THE COURT:

_____
Paul G. Cassell
United States District Judge